Christopher Seidman
Harmon Seidman & Bruss, LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
(970) 245-9075
chris@harmonseidman.com

Amanda L. Bruss
Harmon Seidman & Bruss, LLC
8728 East 54th Place
Denver, CO 80238
(415) 271-5754
amanda@harmonseidman.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Krasemann, Darrell Gulin, Johnny Johnson, and Daniel R. Krasemann, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>v.<br>Scholastic Inc.,<br>　　　　　Defendant. | **CLASS ACTION COMPLAINT FOR COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §§ 501 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Stephen Krasemann, Darrell Gulin, Johnny Johnson, and Daniel R. Krasemann[1], individually and on behalf of all others similarly situated, for their Complaint against Defendant Scholastic Inc. ("Scholastic") allege:

## INTRODUCTION

1. This[2] is a proposed class action for copyright infringement brought by Plaintiffs Stephen Krasemann, Darrell Gulin, Johnny Johnson, and Daniel R. Krasemann (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, alleging copyright infringement against Scholastic for unlawful reproduction, distribution, and display of their photographs.

2. This case arises out of Scholastic's infringing use of photographs originally obtained by Scholastic from a single stock photo agency – DRK Photo.

3. Because the lost licensing fee to any individual copyright holder is relatively small, and because Scholastic's practice of unauthorized use after exhausting DRK Photo licenses is pervasive, Plaintiffs now bring this class action on behalf of themselves and similarly situated photographers, to collectively enforce their copyrights against Scholastic's infringing activity.

## JURISDICTION AND VENUE

4. This is an action for injunctive relief, monetary damages, statutory damages, punitive damages and interest under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq*.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

6. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

## PARTIES

7. Stephen Krasemann is a professional photographer who currently resides in Neebing, Ontario, Canada[3].

8. Darrell Gulin is a professional photographer who currently resides in Sammamish, Washington.

9. Johnny Johnson is a professional photographer who currently resides in Anchorage, Alaska.

10. Daniel R. Krasemann is the sole owner of DRK Photo and the owner of copyrights in *King Cobra Eating Rat Snake*, Image ID 1s846729. He currently resides in Sedona, Arizona.

11. Scholastic is a New York corporation that maintains its principal place of business at 557 Broadway, New York, NY 10012. As the world's largest publisher and distributor of children's books, Scholastic sells and distributes its publications in the District of Arizona, throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiffs' photographs are unlawfully reproduced.

## FACTUAL ALLEGATIONS

12. Plaintiffs own the copyrights in the photographs ("Photographs") identified in Exhibits A through D, whose registration status with the United States Copyright Office is set forth in those Exhibits.

13. Plaintiffs entered into representation agreements with DRK Photo granting it the right to license their Photographs to third parties, like Scholastic, in exchange for a percentage of the fees they negotiated.

14. Between 1993 and 2011, in response to Scholastic's written requests, DRK Photo provided Plaintiff's original slides and high-resolution digital format files to Scholastic for the limited purpose of enabling Scholastic to select specific images for subsequent licensing requests. When it provided slides and digital files to Scholastic, DRK Photo expressly prohibited use of the images "until submission of and payment of an invoice indicating [Scholastic]'s right to do the same." Access to slides and image files would allow an unscrupulous publisher to surreptitiously make unlicensed uses without Plaintiffs' knowledge or permission.

15. After obtaining access, Scholastic requested and secured limited use licenses from DRK Photo. Exhibits A – D to this Complaint identify Photographs owned by the named Plaintiffs by Image ID and description, the Scholastic publication in which each Photograph was copied and subsequently infringed, the Scholastic imprint that originally obtained the Photograph from DRK, and the date and uses permitted in Scholastic's original license.

16. Shortly after obtaining access to the Photographs, upon information and belief, Scholastic infringed Plaintiffs' copyrights by:

    a. printing or distributing Photographs without permission after exhaustion of an original license obtained from DRK;

    b. distributing the Photographs in geographic locations not covered by any license;

    c. publishing the Photographs in electronic, ancillary, or derivative products not covered by any license;

    d. printing and distributing the Photographs in unlicensed international editions and foreign language products; and

    e. printing and/or distributing the Photographs after expiration of temporal limits in any licenses originally obtained.

17. This Complaint addresses Scholastic's unlicensed use of the Photographs after the limited licenses DRK Photo issued were used up.

18. When Scholastic obtained licenses for use of the Photographs from DRK Photo, those original licenses were expressly limited by publication, number of copies, distribution area, image size, language, duration and/or media (print or electronic). Scholastic did not request or secure unlimited-use licenses from DRK Photo because that would have been far more expensive.

### Scholastic's Pattern of Infringement

19. Scholastic's pattern and practice of infringing stock photographs extends beyond the publications in Exhibits A-D. [4]

CLASS ACTION COMPLAINT FOR COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §§ 501 ET SEQ.

20. Many other photographers and stock photo agencies have brought actions against Scholastic alleging copyright infringement claims nearly identical in substance to those asserted by Plaintiffs in this action. Since 2011, Scholastic (or its parent, Scholastic Corporation) has been sued for copyright infringement in furtherance of its use-without-license practices in the following actions:

  a. *Frans Lanting, Inc. v. Scholastic Inc.*, No. 15-cv-05671 (C.A.N.D.);

  b. *Krist v. Scholastic, Inc.*, No. 16-cv-06251 (E.D. Pa.);

  c. *Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, No. 16-cv-02791 (S.D.N.Y.);

  d. *David Young-Wolff, The Estate of Michael Newman, Laura Dwight, Ed Bock, and Lief Skoogfors v. Scholastic Corporation*, No. 14-cv-05089 (S.D.N.Y.);

  e. *Keller v. Scholastic, Inc.*, No. 16-cv-01829 (E.D. Pa);

  f. *Sohm et al. v. Scholastic, Inc.*, No. 16-cv-07098 (S.D.N.Y.);

  g. *Palmer Kane LLC. v. Scholastic Corporation*, No. 11-cv-07456 (S.D.N.Y.);

  h. *Palmer/Kane LLC v. Scholastic Corporation and Scholastic, Inc.*, No. 14-cv-07805 (S.D.N.Y.);

  i. *Steinmetz v. Scholastic, Inc.*, No. 16-cv-03583 (D.N.J.);

  j. *Kashi v. Scholastic, Inc.*, No. 17-cv-01994 (E.D. Pa.);

  k. *Harrington v. Scholastic, Inc.*, No. 1:17-cv-03165-NYW (D. Colo.);

  l. *Lewine v. Scholastic Corporation*, No. 15-cv-05731 (S.D.N.Y.); and

  m. *Bob Daemmrich Photography, Inc. v. Scholastic Inc.*, No. 15-cv-01150 (W.D. Tex.).

21. In no case has Scholastic secured sanctions against an opponent for bringing a frivolous claim of copyright infringement. It is implausible that a wholly innocent publisher would be subjected to numerous frivolous photo infringement lawsuits without sanctions being imposed.

22. Scholastic was found liable for copyright infringement for its unlicensed use of stock photography after exhausting original licenses, the same scheme alleged by Plaintiffs here, in *Sohm v. Scholastic Inc.*, 2018 WL 1605214, at *14 (S.D.N.Y. Mar. 29, 2018).

**Plaintiffs Have Standing to Bring These Claims**

23.     Plaintiffs own the copyrights in the Photographs, and are authorized by the Copyright Act, 17 U.S.C. § 501(b), "to institute an action for any infringement of that particular right committed while he or she is the owner of it."

### CLASS ACTION ALLEGATIONS

24.     Plaintiffs bring this class action lawsuit on behalf of themselves and the proposed Class members under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

25.     Plaintiffs seek certification of the following Class:

a.     Class of all persons and entities (a) that are copyright owners of a photograph that has either been registered with the Copyright office, or is not a "United States work" (for which registration is not required), and was provided to Scholastic by DRK Photo; (b) and whose copyright in said photograph Scholastic infringed by printing, distributing, or displaying without a license authorizing such use.

26.     Plaintiffs also seek certification of the following Sub-Class:

b.     Class of all persons or entities (a) that own a copyright in a photograph provided by DRK Photo to Scholastic, for which a certificate of registration was issued within three months after first publication of the work; (c) and whose copyrights in said photograph Scholastic infringed by printing, distributing, or displaying without a license authorizing such use (the "Statutory Damages Sub-Class").

27.     *Numerosity*.  Upon information and belief, there are approximately 92[5] potential Class members.  As such, Class members are sufficiently numerous that joinder of all class members is impracticable.

28.     *Commonality and predominance*.  Well-defined, nearly identical legal or factual questions affect all Class members.  These questions predominate over questions of fact that might affect individual Class members.  These common questions include, but are not limited to, the following:

a.     If Scholastic raises the defense of license, construction of DRK Photo's standard license terms and conditions;

  b. Whether Scholastic's course of conduct with DRK Photo created an implied license permitting Scholastic to use DRK Photo-provided photographs without obtaining a written license expressly authorizing such use;

  c. Whether DRK Photo's provision of photographs to Scholastic authorized Scholastic to reproduce and distribute them in its publications;

  d. Whether Scholastic's continued use after exhaustion of licenses it obtained from DRK constitutes copyright infringement;

  e. Whether Scholastic monitored its use of photographs it obtained from DRK Photo;

  f. Whether Scholastic should be enjoined from further distribution of the Class members' photographs; and

  g. Whether Scholastic should pay reasonable attorneys fees under 17 U.S.C. § 505 for copyright infringements occurring after registration of the Photographs.

 29. *Typicality*.  Plaintiffs' claims are typical of the Class members' claims.  Plaintiffs and the Class members all sustained injury as a direct result of Scholastic's pattern of infringing conduct with regard to images it obtained from DRK Photo.

 30. *Adequacy*.  Plaintiffs will fairly and adequately protect Class members' interests. Plaintiffs have no interests antagonistic to Class members' interests, and Plaintiffs have retained counsel that has experience and success in litigating complex copyright infringement cases.

 31. *Superiority*.  A class is the superior method for fairly and efficiently adjudicating this controversy for the following reasons, without limitation:

  a. Class members' claims are relatively small compared to the burden and expense required to litigate their claims individually, so it would be impracticable for Class members to seek individual redress for Scholastic's unlawful and infringing conduct;

  b. Even if Class members could afford individual litigation, the court system would be greatly burdened.  Individual litigation also creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties

and to the Courts. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court;

    c.    After DRK Photo inquired about Scholastic's actual use of DRK Photo-supplied images, Scholastic all but stopped licensing images from DRK Photo. Class members may reasonably fear reprisal if they were to bring individual actions against Scholastic;

    d.    Class members are widely dispersed throughout the United States and throughout the world. A class action will allow the participation of these photographers in this litigation, in furtherance of the vindication of their rights; and

    e.    Plaintiffs anticipate no unusual difficulties in managing this class action.

## CLAIM FOR RELIF

### Copyright Infringement

32.    Plaintiffs incorporate each and every allegation contained in each paragraph above.

33.    The foregoing acts of Scholastic constitute infringements of Plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. §§ 501 et seq.

34.    Plaintiffs suffered damages as a result of Scholastic's unauthorized use of the Photographs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following:

1.    A preliminary and permanent injunction against Scholastic and anyone working in concert with it from copying, displaying, distributing, selling or offering to sell Plaintiffs' Photographs described in this Complaint and Plaintiffs' Photographs not included in suit.

2.    As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiffs' Photographs used in violation of Plaintiffs' exclusive copyrights and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including

1  digital files and any other means by which they could be used again by Defendants without
2  Plaintiffs' authorization.
3     3.   An award of Plaintiffs' actual damages and all profits derived from the
4  unauthorized use of Plaintiffs' Photographs or, where applicable and at Plaintiffs' election,
5  statutory damages.
6     4.   An award of punitive or exemplary damages against Scholastic.
7     5.   An award of Plaintiffs' reasonable attorneys' fees.
8     6.   An award of Plaintiffs' court costs, expert witness fees, interest and all other
9  amounts authorized under law.
10    7.   Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues permitted by law.

Dated:  November 6, 2018          Respectfully submitted,

*/s/ Christopher Seidman*
Christopher Seidman
Harmon Seidman & Bruss, LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
(970) 245-9075
chris@harmonseidman.com

Amanda L. Bruss
Harmon Seidman & Bruss, LLC
8728 East 54th Place
Denver, CO 80238
(415) 271-5754
amanda@harmonseidman.com

*Attorneys for Plaintiffs*

- 8 -

CLASS ACTION COMPLAINT FOR COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. §§ 501 ET SEQ.