# EXHIBIT 1

Sean D. Garrison
BACAL & GARRISON LAW GROUP
6991 East Camelback, Ste. D-102
Scottsdale, Arizona 85251
Telephone: (480) 245-6230
Facsimile: (480) 245-6231
sean.garrison@bacalgroup.com

Edward H. Rosenthal*
Nicole Bergstrom*
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 10th Floor
New York, New York 10022
Telephone: (212) 980-0120
Facsimile: (212) 593-9175
erosenthal@fkks.com
nbergstrom@fkks.com

Azita Iskandar*
FRANKFURT KURNIT KLEIN & SELZ, P.C.
2029 Century Park East, Suite 1060
Los Angeles, CA 90067
Telephone: (310) 579-9600
Facsimile: (310) 579-9650
aiskandar@fkks.com

* *pro hac vice* motion forthcoming

*Attorneys for Defendant Scholastic Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
#### Prescott Division

| | |
|---|---|
| Stephen Krasemann, Darrell Gulin, Johnny Johnson, and Daniel R. Krasemann, individually and oh behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Scholastic, Inc.<br><br>Defendant. | Case No. 3:18-cv-08313<br><br>**DECLARATION OF EDWARD H. ROSENTHAL IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |

I, Edward H. Rosenthal, declare under penalty of perjury that the following is true and correct:

1. I am a shareholder of the firm Frankfurt Kurnit Klein & Selz P.C., attorneys for defendant Scholastic Inc. ("Scholastic") in this action. I submit this declaration in support of Scholastic's motion to dismiss the Complaint filed by Plaintiffs Stephen Krasemann, Darrell Gulin, Johnny Johnson and Daniel R. Krasemann (collectively, "Plaintiffs"), on November 6, 2018 as Dkt No. 1 (the "Complaint" or "Cplt."), with prejudice (the "Motion").

2. As noted in the accompanying Motion, Scholastic brings this Motion for dismissal of all uses identified in Exhibits A-D of the Complaint (the "Licensed Uses") on three separate grounds, that certain Licensed Uses: (1) are subject to a binding arbitration provision; (2) sound in contract rather than copyright; and (3) run afoul of the of the statute limitations. While these arguments, in combination, apply to all Licensed Uses, and thus require dismissal of the Complaint in its entirety, not every argument applies to every Licensed Use. To assist the Court in parsing through which argument applies to which Licensed Use, Scholastic has created the chart that is attached hereto as **Exhibit A** (the "Chart"). The Chart includes all Licensed Uses identified in Exhibits A-D of the Complaint in the order they appear, assigns them a Licensed Uses number, and then indicates which of the above grounds for dismissal apply to each. The Chart also indicates whether or not the Licensed Use was identified in charts exchanged by the parties in 2011/2012, and thus is subject to the tolling agreement identified in paragraph 7, *infra*.

3. Scholastic has, to this point, collected a small number of the licenses identified in the Exhibits to the Complaint, true and correct copies of which are attached hereto as **Exhibit B**. These invoices are identified in the Complaint as covering the Licensed Uses appearing in Rows 2-6 of Exhibit B for invoice number 6067, and Rows 23-27 of Exhibit B for invoice number 9842.

4. Attached hereto as **Exhibit C** is a true and correct copy of the declaration filed by Plaintiff Daniel R. Krasemann ("Krasemann"), as Dkt No. 4-1, dated August 26, 2011, in an action between Plaintiffs' agent, DRK Photo ("DRK"), and a different publisher titled *John Wiley & Sons, Inc. v. DRK Photo*, 11 Civ. 05454 (S.D.N.Y.) (the "*Wiley* Action"). Attached

1. hereto as **Exhibit D** is a true and correct copy of the motion papers that the Krasemann Declaration supported. Attached hereto as **Exhibit E** is a true and correct copy of the corresponding Order, Dkt No. 16, dated October 14, 2011, from the court in the *Wiley* Action granting DRK's motion in relevant part, and dismissing certain claims in favor of arbitration.

5. Scholastic was initially contacted by Krasemann regarding certain of these Licensed Uses in late 2011, and shortly thereafter by Plaintiffs' current counsel then on behalf of Krasemann and DRK. At the time, Krasemann identified certain licenses that he believed had been exceeded and the parties exchanged limited information.

6. On August 2, 2012, DRK and Scholastic entered into a tolling agreement regarding certain of the Licensed Uses. A true and correct copy of this agreement is attached hereto as **Exhibit F**.

7. Following a series of decisions by courts in various Circuits holding that DRK did not have standing to bring infringement cases on behalf of many of its photographers (*John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 414 (2d Cir. 2018); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 985 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1559, 200 L. Ed. 2d 744 (2018)), the parties agreed that the agreement would extend "to any potential claims by DRK and/or any individual photographers" identified by the parties in spreadsheets exchanged on June 27, 2012, but "shall not apply to any claims by any other photographer or agency or to any uses not identified on the Spreadsheets." A true and correct copy of the relevant portion of this email exchange between counsel is attached hereto as **Exhibit G** (with Exhibit F, the "Tolling Agreement"). As noted above, our office has compared the Licensed Uses to these spreadsheets and has indicated in the Chart which are subject to the Tolling Agreement.

8. On December 30, 2018, counsel for Scholastic contacted Plaintiffs' counsel to identify the provision in certain of DRK's Terms that references a license for ten-times the typical license fee, and request that DRK issue such an invoice for any instance where Plaintiffs believed the original license had been exceeded. As of the date of filing, Plaintiffs have not substantively responded to this request. The parties had previously discussed this possibility in

2011/2012 with respect to certain of the Licensed Uses that are identified in the Chart as subject to the Tolling Agreement, but no resolution was reached at that time.

I declare under penalty of perjury under the laws of the United States and the State of Arizona that my declaration as set forth above is true and correct. Executed January 7, 2019 in New York, New York.

_____
Edward H. Rosenthal

---

3
DECLARATION OF EDWARD H. ROSENTHAL